UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
:
JOSEPH S. LESSER and LOEB PARTNERS
REALTY LLC,
:
: ORDER
Plaintiffs, 18 Civ. 9922 (DAB) (GWG)
:
-v.-
:
TD BANK, N.A., CAPITAL ONE, N.A., and
DOES 1-10, :

:
Defendants.
------------------------------------------------------------X

**GABRIEL W. GORENSTEIN, United States Magistrate Judge**

Plaintiffs' complaint alleges a cause of action under Section 3-419 of the N.Y. U.C.C. See Complaint, dated Sept. 26, 2018 (Docket # 1-5) ("Compl.") ¶¶ 52-65. Under that section, "a representative, including a depositary or collecting bank, who has in good faith and in accordance with . . . reasonable commercial standards . . . dealt with an instrument . . . on behalf of one who was not the true owner is not liable in conversion or otherwise to the true owner beyond the amount of any proceeds remaining in his hands." N.Y. U.C.C. Law § 3-419(3). Thus, it appears that Section 3-419 acts as a bar to depositary bank liability only where a defendant has both 1) acted in good faith and 2) acted in accordance with reasonable commercial standards.

With the exception of fleeting references to "commercially reasonable manner" and "reasonable commercial standards," in TD Bank's memorandum in support of their motion to dismiss, none of the parties address whether the complaint makes factual allegations[1] sufficient to plead that defendants failed to act in accordance with reasonable commercial standards. Docket # 15 at 8-9.

Additionally, none of the parties address the issue of whether plaintiffs are the "true owner" of the checks at issue here, such that defendants are liable to plaintiffs under Section 3-419. Specifically, no party addresses whether plaintiffs are the true owners of the checks that the complaint alleges, see Compl. ¶¶ 12, 16, were payable to plaintiffs but were intercepted prior to

---

[1] We do not credit the complaint's conclusory allegation that "[d]efendants did not act in accordance with the applicable reasonable commercial standards," Compl. ¶ 58, because that is a "legal conclusion[] couched as [a] factual allegation[]," Port Dock & Stone Corp. v. Oldcastle Northeast, Inc., 507 F.3d 117, 121 (2d Cir. 2007).

"either actual or constructive delivery to the payee," which at least some case law appears to indicate "is a necessary prerequisite to a conversion action under section 3–419(1)(c)." State v. Barclays Bank of New York, N.A., 76 N.Y.2d 533, 537 (1990).

Defendants are directed to address these two issues by means of a supplemental memorandum of law or letter filed on or before February 21, 2020. The plaintiffs may file a response by February 28, 2020. Defendants may file a reply by March 4, 2020.

Finally, the Court directs each defendant to indicate in its initial supplemental memoranda of law or letter whether it opposes deeming the complaint amended to include, for purposes of deciding the motions to dismiss, allegations (1) that "Lesser held two accounts at TD through the period in question," Docket # 21 at 6, and (2) that Capital One was the drawee bank for three of the checks that were payable to plaintiffs but intercepted by non-party Kennedy, Docket # 22 at 7. If either defendant opposes deeming the complaint so amended, the defendants shall discuss with plaintiffs their position on allowing plaintiffs to file an amended complaint and withdrawing without prejudice the pending motions to dismiss. The parties shall report to the Court promptly on the result of these discussions.

SO ORDERED.

Dated: February 7, 2020
New York, New York

GABRIEL W. GORENSTEIN
United States Magistrate Judge